<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GLOBAL SEAMLESS TUBES & PIPES PVT. LTD., | Civil Action No. 25-12404 |
| *Plaintiff,* | |
| v. | **OPINION and ORDER** |
| BRUMAR INTERNATIONAL, INC., | June 22, 2026 |
| *Defendant.* | |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Plaintiff Global Seamless Tubes & Pipes Pvt. Ltd.'s Motion for Default Judgment against Defendant Brumar International, Inc. pursuant to Federal Rule of Civil Procedure 55(b)(2). (ECF 6, "Motion" or "Mot.") The Court has decided this Motion upon submission, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Plaintiff's Motion is **DENIED**.

**WHEREAS** this matter arises from an alleged breach of contract under New Jersey law. (ECF 1, "Complaint.") Plaintiff entered into an agreement with Defendant in March 2024 ("the Agreement"). (*Id.* ¶¶ 8-10.) The Agreement detailed Defendant's statement of work, which included construction documents, architectural plans, and other designs necessary for the build-up of a manufacturing factory. (*Id.* ¶¶ 10-11.) In September 2024, the parties met to discuss the outstanding deliverables on the project. (*Id.* ¶¶ 14-15.) Plaintiff alleges Defendant failed to provide the deliverables as outlined in the Agreement or in the September 2024 meeting. (*Id.*

¶¶ 16-18.)  Plaintiff states it paid Defendant $100,000.00 as a retainer for the project and yet alleges $1,367,256.00 in damages resulting from Defendant's alleged breach of contract.[1]  (*Id.* ¶ 21); and

**WHEREAS** Plaintiff filed the Complaint on June 30, 2025.  (*Id.* ¶¶ 38-66.)  Plaintiff filed an unsigned proof of service on September 19, 2025.  (ECF 4.)  The filing indicates that Michael Phelan was the process server who allegedly served Emma Leon.  (*Id.*)  Leon allegedly confirmed that the service address was "the business address for her son's business, Brumar International Corporation, and that she was authorized to accept his mail and legal documents."  (*Id.*)  On October 16, 2025, Plaintiff requested, and the Clerk of the Court entered, default against Defendant pursuant to Rule 55(a).  (ECF 5.)  On November 17, 2025, Plaintiff moved for default judgment against Defendant.  (Mot.)  Defendant has not appeared; and

**WHEREAS** Federal Rule of Civil Procedure 55(b) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008).  "It is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).  Prior to determining whether a plaintiff is entitled to default judgment, a court must determine whether there is sufficient proof of service.  *Tr. of Int'l Union of Painters and Allied Trades Dist. Council 711 Health & Welfare Fund v. Danco Painting, LLC*, No. 17-05739, 2021 WL 3674353, at *3 (D.N.J. Aug. 19, 2021).  "Any person who is at least 18 years old and not a party may serve a summons and complaint" on a corporation "by

---

[1] Although this Court denies Plaintiff's Motion for insufficient service and does not reach its merits, the Court notes that any renewed attempt to file such a motion will require additional proof of Plaintiff's alleged damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *United States v. Thompson*, No. 16-0857, 2017 WL 3634096, at *1 (D.N.J. July 20, 2017).

delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(c)(2), (h)(1)(B). And proof of such service "must be by the server's affidavit." *Id.* at 4(l)(1); and

**WHEREAS** the docket does not reflect proper proof of service. Plaintiff's proof of service is unsigned and contains no identifying information for the Court to determine whether Michael Phelan is a nonparty over the age of 18. (ECF 4); *see* Fed. R. Civ. P. 4(c)(2). Therefore, it is defective and does not constitute an affidavit of service under Rule 4(l). Moreover, Plaintiff's proof of service does not show that Emma Leon is an authorized agent of Brumar International, Inc. (ECF 4); *see* Fed. R. Civ. P. 4(h)(1)(b). Rather, it shows that she may accept her son's, Mario Leon, mail and legal documents. (*Id.*) And Mario Leon is not a party in this case. Because valid proof of service is a prerequisite to the entry of default and default judgment, the Clerk's entry of default was not appropriate and "does not cure the underlying defect" of improper service. *Bektas v. Isaacson*, No. 25-14746, 2026 WL 313181, at *1 (D.N.J. Feb. 5, 2026). "Where service is insufficient, default judgment must be denied regardless of any failure to respond." *Id.* Accordingly, the Court declines to reach the merits of Plaintiff's Motion. For the foregoing reasons:

**IT IS**, on this 22nd day of June,

**ORDERED** that Plaintiff's Motion for Default Judgment (ECF 6) is **DENIED**; and it is further

**ORDERED** that Plaintiff has thirty (30) days from the entry of this Opinion and Order to effect proper service and file a sufficient affidavit of service; and it is further

3

**ORDERED** that the Clerk of the Court **CLOSE** this case, subject to reopening upon Plaintiff's filing of proper proof of service.

**SO ORDERED.**

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    James B. Clark, U.S.M.J.
       Parties

4